ORIGINAL FILED

2011 JUN 30 P 1: 07

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

1  ALAN R. BRAYTON, ESQ., CA S.B. #73685
2  DAVID R. DONADIO, ESQ., CA S.B. #154436
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs                    E-filing

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA                LB

10                SAN FRANCISCO DIVISION

11  BARRY KELLY and MOLLY KELLY,        )   No. CV 11 3240
                                        )
12              Plaintiffs,             )
                                        )
13  vs.                                 )   COMPLAINT FOR ASBESTOS
                                        )   PERSONAL INJURY/ PRODUCTS
14  CBS CORPORATION (FKA VIACOM         )   LIABILITY/LOSS OF CONSORTIUM;
    INC., FKA WESTINGHOUSE              )   DEMAND FOR JURY TRIAL
15  ELECTRIC CORPORATION),              )
    GENERAL ELECTRIC COMPANY,           )
16  HUNTINGTON INGALLS                  )
    INCORPORATED (FKA NORTHROP          )
17  GRUMMAN SHIPBUILDING, INC.),        )
    TODD SHIPYARDS CORPORATION,         )
18  WARREN PUMPS, LLC, RAYTHEON         )
    COMPANY,                            )
19                                      )
                Defendants.             )
20                                      )
    _____ )

21                          I.

22                       PARTIES

23      1.      Plaintiff in this action, BARRY KELLY, has sustained asbestos-related lung

24  injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

25  asbestos. Plaintiff, MOLLY KELLY, has sustained loss of consortium as set forth in the Third

26  Cause of Action.

27

28  ///

K:\Injured\115572\FED\PLD\cmp fed (pi-lc).wpd                    1
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1    2.    Plaintiff BARRY KELLY sustained an asbestos-related lung disease by the

2 inhalation of asbestos fibers released during the handling of asbestos-containing products at

3 Plaintiff's jobsites.

4    3.    The pathogenesis of Plaintiff BARRY KELLY's asbestos-related diseases is

5 explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

6    4.    All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing

7 products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

8 maintained by defendants at Plaintiff BARRY KELLY's worksites, over a period of years,

9 caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff BARRY

10 KELLY, resulting in cumulative, progressive, incurable lung diseases.

11    5.    Plaintiff BARRY KELLY claims damages for an asbestos-related disease arising

12 from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-

13 containing products, when handled in the manner in which they were intended, released harmful

14 asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

15    6.    As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff

16 BARRY KELLY.

17    7.    Plaintiffs are informed and believe, and thereon allege that at all times herein

18 mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole

19 proprietorships and/or other business entities organized and existing under and by virtue of the

20 laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

21 said defendants, and each of them, were and are authorized to do and are doing business in the

22 State of California, and that said defendants have regularly conducted business in the County of

23 San Francisco, State of California.

24                                         **II.**

25              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

26    8.    Jurisdiction: Plaintiffs BARRY KELLY and MOLLY KELLY are both citizens of

27 the State of Texas.

28         Defendants are each corporations incorporated under the laws of and having its principal

1 | places of business in the following States:

| DEFENDANT | STATE |
|-----------|-------|
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York/Delaware |
| GENERAL ELECTRIC COMPANY | Connecticut/New York |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia |
| TODD SHIPYARDS CORPORATION | Washington/Delaware |
| WARREN PUMPS, LLC | New Jersey |
| RAYTHEON COMPANY | Massachusetts/Delaware |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF BARRY KELLY COMPLAINS OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), GENERAL ELECTRIC COMPANY, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), TODD SHIPYARDS CORPORATION, WARREN PUMPS, LLC, RAYTHEON COMPANY, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

1   10.   At all times herein mentioned, each of the named defendants was the successor,
2   successor in business, successor in product line or a portion thereof, assign, predecessor,
3   predecessor in business, predecessor in product line or a portion thereof, parent, holding
4   company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
5   or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
6   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
7   supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
8   representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
9   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
10  otherwise directing and/or facilitating the use of, or advertising a certain product, namely
11  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
12  called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious
13  conduct of each successor, successor in business, successor in product line or a portion thereof,
14  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
15  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
16  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
17  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
18  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
19  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
20  products containing asbestos. The following defendants, and each of them, are liable for the acts
21  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
22  destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
23  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
24  ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each
25  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
26  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
27  originally attached to each such ALTERNATE ENTITY:
28  \\\

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC<br>GULF & WESTERN INDUSTRIES, INC.<br>NORTH & JUDD MANUFACTURING COMPANY |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |
| TODD SHIPYARDS CORPORATION | TODD PACIFIC SHIPYARDS CORPORATION<br>SEATTLE-TACOMA SHIPBUILDING CORP. |
| WARREN PUMPS, LLC | WARREN PUMPS, INC.<br>QUIMBY PUMP COMPANY<br>WARREN STEAM PUMPS COMPANY |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

1       12.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
2  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
3  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
4  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
5  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
6  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
7  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
8  and other products containing asbestos, in that said products caused personal injuries to users,
9  consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter
10  collectively called "exposed persons"), while being used in a manner that was reasonably
11  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
12  "exposed persons".

13       13.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
14  exercise due care in the pursuance of the activities mentioned above and defendants, and each of
15  them, breached said duty of due care.

16       14.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
17  have known, and intended that the aforementioned asbestos and products containing asbestos and
18  related products and equipment, would be transported by truck, rail, ship, and other common
19  carriers, that in the shipping process the products would break, crumble, or be otherwise
20  damaged; and/or that such products would be used for insulation, construction, plastering,
21  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
22  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
23  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
24  release of airborne asbestos fibers, and that through such foreseeable use and/or handling
25  "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to
26  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
27  persons working in proximity to said products, directly or through reentrainment.
28  ///

1      15.    Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
2  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
3  exposure to asbestos and asbestos-containing products is on current information as set forth at
4  various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and
5  incorporated by reference herein.

6      16.    As a direct and proximate result of the acts, omissions, and conduct of the
7  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure
8  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
9  or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and
10  incorporated by reference herein.

11      17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung
12  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
13  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
14  asbestos and asbestos-containing products over a period of time.

15      18.    Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
16  containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
17  containing products presented risk of injury and/or disease.

18      19.    As a direct and proximate result of the aforesaid conduct of defendants, their
19  ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
20  permanent injuries and/or future increased risk of injuries to their persons, body and health,
21  including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
22  emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
23  Plaintiff's general damage.

24      20.    As a direct and proximate result of the aforesaid conduct of the defendants, their
25  "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
26  in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays
27  and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
28  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost

1 thereof is ascertained.

2     21.   As a further direct and proximate result of the said conduct of the defendants,
3 their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature
4 and extent of which are not yet known to Plaintiff; and leave is requested to amend this
5 complaint to conform to proof at the time of trial.

6     22.   Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
7 directors and managing agents participated in, authorized, expressly and impliedly ratified, and
8 had full knowledge of, or should have known of, each of the acts set forth herein.

9     23.   Defendants, their "alternate entities," and each of them, are liable for the
10 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
11 and each defendant's officers, directors and managing agents participated in, authorized,
12 expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
13 each of their ALTERNATE ENTITIES as set forth herein.

14     24.   The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
15 and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
16 disregard and indifference to the safety and health of "exposed persons." Plaintiff, for the sake of
17 example and by way of punishing said defendants, seeks punitive damages according to proof.

18     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
19 each of them, as hereinafter set forth.

20 SECOND CAUSE OF ACTION<br>(Products Liability)
21

22     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
23 ACTION FOR PRODUCTS LIABILITY, PLAINTIFF BARRY KELLY COMPLAINS OF
24 DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE
25 ELECTRIC CORPORATION), GENERAL ELECTRIC COMPANY, HUNTINGTON
26 INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.),
27 TODD SHIPYARDS CORPORATION, WARREN PUMPS, LLC, RAYTHEON COMPANY,
28 THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

1 25. Plaintiff incorporates herein by reference, as though fully set forth herein, the
2 allegations contained in each paragraph of the First Cause of Action herein.

3 26. Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
4 that the above-referenced asbestos and asbestos-containing products would be used by the
5 purchaser or user without inspection for defects therein or in any of their component parts and
6 without knowledge of the hazards involved in such use.

7 27. Said asbestos and asbestos-containing products were defective and unsafe for their
8 intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.
9 The defect existed in the said products at the time they left the possession of defendants, their
10 "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
11 including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
12 herein, while being used in a reasonably foreseeable manner, thereby rendering the same
13 defective, unsafe and dangerous for use.

14 28. "Exposed persons" did not know of the substantial danger of using said products.
15 Said dangers were not readily recognizable by "exposed persons." Said defendants, their
16 ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
17 which Plaintiff and others similarly situated were exposed.

18 29. In researching, manufacturing, fabricating, designing, modifying, testing or failing
19 to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
20 sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
21 marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
22 and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
23 did so with conscious disregard for the safety of "exposed persons" who came in contact with
24 said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
25 ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
26 death resulting from exposure to asbestos or asbestos-containing products, including, but not
27 limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
28 from scientific studies performed by, at the request of, or with the assistance of, said defendants,

1  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
2  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

3      30.    On or before 1930, and thereafter, said defendants, their ALTERNATE
4  ENTITIES and each of them, were aware that members of the general public and other "exposed
5  persons", who would come in contact with their asbestos and asbestos-containing products, had
6  no knowledge or information indicating that asbestos or asbestos-containing products could
7  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
8  members of the general public and other "exposed persons", who came in contact with asbestos
9  and asbestos-containing products, would assume, and in fact did assume, that exposure to
10 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
11 hazardous to health and human life.

12     31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
13 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
14 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
15 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
16 asbestos-containing products without attempting to protect "exposed persons" from or warn
17 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
18 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
19 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
20 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
21 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
22 and suppressed said knowledge from "exposed persons" and members of the general public, thus
23 impliedly representing to "exposed persons" and members of the general public that asbestos and
24 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
25 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
26 representations with the knowledge of the falsity of said implied representations.

27     32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
28 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

1  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
2  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
3  sale, inspection, installation, contracting for installation, repair, marketing, warranting,
4  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
5  containing products. In pursuance of said financial motivation, said defendants, their
6  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
7  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
8  containing products to cause injury to "exposed persons" and induced persons to work with and
9  be exposed thereto, including Plaintiff.

10      33.      Plaintiff alleges that the aforementioned defendants, their ALTERNATE
11  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
12  products to be safe for their intended use but that their asbestos and asbestos-containing products,
13  created an unreasonable risk of bodily harm to exposed persons.

14      34.      Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
15  and various asbestos-containing products manufactured, fabricated, inadequately researched,
16  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
17  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
18  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the
19  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff
20  cannot identify precisely which asbestos or asbestos-containing products caused the injuries
21  complained of herein.

22      35.      Plaintiff relied upon defendants', their "alternate entities'", and each of their
23  representations, lack of warnings, and implied warranties of fitness of asbestos and their
24  asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has
25  been injured permanently as alleged herein.

26      36.      As a direct and proximate result of the actions and conduct outlined herein,
27  Plaintiff has suffered the injuries and damages previously alleged.

28          WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

1  ENTITIES, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Loss of Consortium)

4      AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF
5  ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF MOLLY KELLY COMPLAINS OF
6  DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE
7  ELECTRIC CORPORATION), GENERAL ELECTRIC COMPANY, HUNTINGTON
8  INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.),
9  TODD SHIPYARDS CORPORATION, WARREN PUMPS, LLC, RAYTHEON COMPANY,
10  THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

11     37.    Plaintiffs incorporate by reference each and every paragraph of the First through
12  Second Causes of Action herein.

14     38.    Plaintiffs BARRY KELLY and MOLLY KELLY were married on April 22, 2007,
15  and at all times relevant to this action were, and are now, husband and wife.

16     39.    Prior to plaintiff BARRY KELLY's injuries as alleged, he was able and did
17  perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, BARRY
18  KELLY has been unable to perform the necessary duties as a spouse and the work and service
19  usually performed in the care, maintenance and management of the family home, and he will be
20  unable to perform such work, service and duties in the future. As a proximate result thereof,
21  plaintiff MOLLY KELLY has been permanently deprived and will be deprived of the consortium
22  of her spouse, including the performance of duties, all to her damages, in an amount presently
23  unknown but which will be proved at the time of trial.

24     40.    Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first
25  occurred within one year of the date this complaint was filed.

26     41.    As a direct and proximate result of the acts of defendants, their "alternate entities,"
27  and each of them, and the severe injuries caused thereby to plaintiff BARRY KELLY as set forth
28  in this complaint, plaintiff MOLLY KELLY has suffered, and for a long period of time will

1  continue to suffer loss of consortium, including but not by way of limitation, loss of services,

2  marital relations, society, comfort, companionship, love and affection of said spouse, and has

3  suffered severe mental and emotional distress and general nervousness as a result thereof.

4                                         **IV.**

5                                       **PRAYER**

6       WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE

7  ENTITIES, and each of them in an amount to be proved at trial, as follows:

8       Plaintiff BARRY KELLY:

9            (a)     For plaintiff's general damages according to proof;

10           (b)     For plaintiff's loss of income, wages and earning potential according to

11  proof;

12           (c)     For plaintiff's medical and related expenses according to proof;

13      Plaintiff MOLLY KELLY:

14           (d)     For plaintiff's damages for loss of consortium according to proof;

15      Plaintiffs BARRY KELLY and MOLLY KELLY:

16           (e)     For plaintiffs' cost of suit herein;

17           (f)     For exemplary or punitive damages according to proof;

18           (g)     For damages for fraud according to proof; and

19           (h)     For such other and further relief as the Court may deem just and proper,

20  including costs and prejudgment interest.

21  Dated: ___6|6|11___                    BRAYTON❖PURCELL LLP

22                                         By: _____
                                              David R. Donadio
23                                            Attorneys for Plaintiffs

24                                   **JURY DEMAND**

25      Plaintiff hereby demands trial by jury of all issues of this cause.

26  Dated: ___6/6/11___                    BRAYTON❖PURCELL LLP

27                                         By: _____
                                              David R. Donadio
28                                            Attorneys for Plaintiffs

K:\Injured\115572\FED\PLD\cmp fed (pi-lc).wpd                13
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1    EXHIBIT A

2    Plaintiff: BARRY KELLY

3

4    Plaintiff's injuries: Plaintiff was diagnosed with mesothelioma on or about March 2011.

5    Retirement Status: Plaintiff is still employed and therefore has suffered no disability due to his

6    asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

7    Defendants: Plaintiff contends that the asbestos-containing products to which he was or may
have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by
8    Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and
involved exposure to dust created by the contractors and the products of the entities listed below.
9    The exposure includes, but is not limited, to the following presently known contractors and the
manufacturers and distributors of asbestos-containing products:

10

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Naval Academy | Student | 6/1969-1973 |
| | GUADALCANAL (LPH-7) | | 1970 (Approx. 1 month); 1972 (Approx. 1 month) |
| U.S. Navy | Naval Training Center San Diego, CA | Trainee | 1972-1975 |
| | Naval Repair Facility (32nd St.) San Diego, CA | | |
| | Long Beach Naval Shipyard Long Beach, CA | Officer (Main Propulsion Assistant) | |
| | DOWNES (DE-1070) | | |
| U.S. Navy | Naval Air Station Pensacola, FL | Pilot | 1975-8/1976 |
| | Naval Air Station North Island, San Diego, CA | | |
| | INDEPENDENCE (CV-62) | Officer | 4/1977-12/1977 |

28   ///

K:\Injured\115572\FED\PLD\cmp fed (pi-lc).wpd          15
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy (cont'd.) | Naval Air Station Pensacola, FL | Pilot | 1975-8/1976 |
| | DWIGHT D. EISENHOWER (CVN-69) | | 1/1978-1980 |
| | U.S. Naval Academy Annapolis, MD | | 1980-1983 |
| | Naval Air Station, Cecil Field Jacksonville/Yukon, FL | Trainer | 1983-1985 |
| | SARATOGA (CV-60) | | 1986-1987 |

NON-OCCUPATIONAL:

HOME REMODEL:
At a young age plaintiff participated in home improvement projects at his family residence at 3 Alice Street, Chenango Bridge, New York. Plaintiff assisted his father in installing a floor in their basement. Plaintiff was in proximity to his father as his father cut asbestos containing ARMSTRONG (ARMSTRONG WORLD INDUSTRIES, INC.) vinyl asbestos floor tiles. Plaintiff assisted his father in re-roofing their home. Plaintiff was in proximity to his father as his father cut and applied asbestos containing JOHNS MANVILLE (MANVILLE TRUST) roofing felt.

FRICTION:
Plaintiff owned a 1969 TRIUMPH (FORD MOTOR COMPANY) Spitfire. Plaintiff owned, maintained and repaired this vehicle from 1970-1980. Plaintiff removed the original equipment manufacturer's asbestos containing brakes and replaced them with asbestos containing brakes manufactured by BENDIX (HONEYWELL INTERNATIONAL, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.). Plaintiff removed original equipment manufacturer's asbestos containing exhaust manifold and carburetor gaskets. Plaintiff removed the carburetor and carburetor gasket and replaced it with a STROMBERG carburetor and carburetor gaskets included with the new carburetor. Plaintiff purchased asbestos containing brakes and gaskets from LOU RAPPAPORT'S AUTO, Binghamton, New York.

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL