1  MICHELE BARNES (SBN 187239)
   michele.barnes@klgates.com
2  ZACHARIAH D. BAKER (SBN 271620)
   zac.baker@klgates.com
3  PETER E. SOSKIN (SBN 280347)
   peter.soskin@klgates.com
4  K&L GATES LLP
   Four Embarcadero Center, Suite 1200
5  San Francisco, CA 94111
   Telephone:  415 882 8200
6  Facsimile:   415 882 8220

7  Attorneys for Defendant
   CRANE CO.
8

9                      UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11 | BARRY KELLY and MOLLY KELLY,        | Case No.    11-cv-03240-CRB (JSC)
12 |                       Plaintiffs,   | **MIL 2: CRANE CO.'S MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERTS RELATED TO THE "EACH AND EVERY EXPOSURE" THEORY OF CAUSATION**
13 | vs.                                 |
14 | CBS CORPORATION, et al.,            |
15 |                       Defendants.   |

**CRANE CO.'S MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERTS RELATED TO THE "EACH AND EVERY EXPOSURE" THEORY OF CAUSATION**

## I. INTRODUCTION

Crane Co. moves to exclude Plaintiffs' counsel and their experts, including Dr. Barry Horn and Dr. Allan Smith, from expressing an opinion or arguing that every asbestos exposure above background levels, *no matter how minute*, is a substantial factor in the causation of peritoneal mesothelioma. Both Dr. Smith and Dr. Horn assert that every single fiber of asbestos inhaled from a product is a substantial factor in causing a plaintiff's peritoneal mesothelioma.[1] Deposition of Dr. Smith taken in this case ("Smith Depo."), Declaration of Zachariah D. Baker ("Baker Decl."), Exh. A, p. 22:8-13; Deposition of Dr. Horn taken in this case ("Horn Depo."), Baker Decl., Exh. B, 47:2-5. Dr. Smith expressly excludes the exposure level (*i.e.,* the intensity, duration and proximity of the exposure) from his causation analysis:

> Q. All right. So you won't be giving opinions that certain exposures did or did not increase the risk?
>
> A. All asbestos dust inhalation from point sources increases the risk, in my opinion. By that I mean to asbestos dust that comes from some location within the worker's environment and the air they're breathing.
>
> Q. And do you quantify either the exposure level from that point source or the associated risk in your opinions?
>
> A. No. My opinion is that asbestos dust causes it, and that all such dust inhalation increases the risk…

Deposition of Dr. Smith taken in the *Crull* case ("Smith *Crull* Depo."), Baker Decl. Exh. C, p. 52:10-21 (objections omitted). Dr. Horn similarly refuses to consider the "dose, regularity or frequency of exposure" from a particular defendant's product before opining that that product was a substantial factor in causing the plaintiff's disease. Deposition of Dr. Horn taken in the *Leek* case ("Horn *Leek* Depo."), Baker Decl., Exh. D, 52:8-53:14.

---

[1] Plaintiffs have also served an untimely report from Dr. Frank Ganzhorn that includes the same opinion ("all of Mr. Kelly's asbestos exposures … should be throught of as causing Mr. Kelly's malignant peritoneal mesothelioma"). Baker Decl., Exh. K, p. 11-12. As discussed in Defendants' Motion *in Limine* to Exclude Plaintiffs' Untimely Supplemental Expert Reports and Untimely Newly Designated Experts, filed concurrently herewith, the Court should exclude Dr. Ganzhorn's testimony entirely because his opinions were first disclosed on the even of trial. To the extent the Court permits Dr. Ganzhorn to testify at all, it should at the very least preclude him from offering the "every exposure" opinion that this Motion addresses.

1

**CRANE CO.'S MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERTS RELATED TO THE "EACH AND EVERY EXPOSURE" THEORY OF CAUSATION**

As discussed below, these opinions should be excluded because they fail to meet any of *Daubert*'s reliability criteria and directly contradict controlling legal authority that requires the exclusion of *de minimis* exposures from the causation analysis. Alternatively, Crane Co. requests that this Court exercise its "gatekeeping function" and conduct a hearing to assess the relevance and reliability of these experts' proposed testimony. Federal Rule of Evidence 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Barabin v. AstenJohnson, Inc.,* 700 F.3d 428, 432-433 (9th Cir. 2012).

## II. ARGUMENT

### A. Plaintiff's "every exposure" theory fails to satisfy the reliability requirements of *Daubert*.

"[E]videntiary reliability [is] based upon scientific validity." *Daubert*, 509 U.S. at 593. Notably, neither expert's report in this matter identify a single published study which supports their hypotheses that every exposure is a substantial causative factor. The "each and every exposure" theory fails to satisfy any of the reliability questions articulated by the *Daubert* court: the theory has never been tested; there are no published studies which evaluate the theory and therefore it has not been subjected to peer review; there is no way to control for the potential rate of error and there are no standards for testing the theory.[2] Horn *Leek* Depo. 51:1-52:7, 54:23-57:9. Dr. Smith has not published any articles on peritoneal mesothelioma and cannot cite a single study that concludes that chrysotile exposures, of any level, can increase the risk of peritoneal mesothelioma. Smith *Crull* Depo. p. 32:1-43:24, 97:17-98:17.

The "every exposure" opinions of Dr. Horn and other plaintiff experts have been rejected after recent federal court scrutiny in California and Utah.[3] Numerous other federal and state courts have identified the hypothesis as unreliable.[4]

---

[2] *See also,* trial testimony of another of the plaintiff bar's typical experts, Dr. Arnold Brody. Baker Decl., Exh. F, Dr. Brody's trial testimony from *Baxter v. Alfa Laval, et al.*, Superior Court of Massachusetts, Suffolk County, No. MICV05-4314, July 18, 2006, 37:2-40:14.

[3] *See Anderson v. Ford Motor Co.*, 950 F. Supp.2d 1217 (D. Utah 2013) (Dr. Horn); *Sclafani v. Air & Liquid Sys. Corp.*, 2013 WL 2477077, *4-*5 (C. D. Cal. May 9, 2013) (Dr. Brody), Baker Decl., Exh. G; Judge Dale Fischer's November 6, 2014 Order re Motion in Limine No. 1 in *Susan Hill v. Air & Liquid Systems Corp.*, Central District of California, Case No. 2:12-cv-08713, Baker Decl., Exh. J.

### B. Plaintiff's "every exposure" theory fails to satisfy the relevance requirement of *Daubert*.

Relevant evidence in the context of scientific testimony is that which will "assist the trier of fact to understand the evidence or determine a fact in issue." *Id.* at 592. *Daubert* explains that this "helpfulness" standard requires a scientific connection between the proffered testimony and the pertinent inquiry. *Id.* at 592-593. Thus, even where scientific evidence may have some tendency to make a fact more or less probable, relevance in this context is integrally related to reliability.

Although the law does not require plaintiffs to prove the specific fibers which actually started the cellular changes that developed into cancer, only fibers which are actually inhaled and retained contribute to the increased risk of developing mesothelioma. The undisputed evidence confirms that not every inhaled asbestos fiber makes its way to the lung because of the effectiveness of the body's defense mechanisms. Dr. Arnold Brody, one of the experts commonly retained by asbestos plaintiff's counsel and with whom Dr. Horn is familiar, explains that **95%** of inhaled asbestos fibers get trapped in the first of the body's several defense mechanisms, and never make it deeper into the lungs where they might possibly cause disease if they get past the body's other defense mechanisms.[5] Dr. Horn does not dispute this, and confirms that the body's multiple defense mechanisms make it possible for a person to have a small exposure to asbestos without any increased risk of developing an asbestos-related disease. Deposition of Dr. Horn taken in the *Leeper* case ("Horn *Leeper* Depo."), Baker Decl., Exh. E, 44:5-47:4.

Thus, the relevant inquiry is whether asbestos fibers released from each Defendant's products in Mr. Kelly's presence were inhaled and retained by Mr. Kelly; and not whether Mr. Kelly was ever in the presence of asbestos fibers that were released from a defendant's products. Drs. Smith and Horn's "each and every exposure" theory addresses only the latter question and therefore fails to assist the jury with resolving the issue in dispute.

---

[4] *See. e.g., Davidson v. Georgia Pacific LLC*, 2014 WL 3510268 (W.D. La. July 14, 2014), and cases cited in *Smith v. Ford Motor Co.*, 2013 WL 214378, at *5 (D. Utah Jan. 18, 2013).

[5] Baker Decl., Exh. H, Dr. Brody's testimony from *Davis v. American Standard, Inc.*, Los Angeles County Superior Court, No. BC367464, taken on September 17, 2007, at pp. 2:1-4, 37:27 – 43:9.

**CRANE CO.'S MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERTS RELATED TO THE "EACH AND EVERY EXPOSURE" THEORY OF CAUSATION**

### C. The "every exposure" theory directly contradicts California's legal causation standard set forth in the *Rutherford* decision.

Under California law, Plaintiff bears the burden of proof on causation under a two-prong test. First, Plaintiff must present evidence regarding the time, location and actual circumstances of Mr. Kelly's exposure to each Defendant's asbestos-containing product. Then, Plaintiff must present expert testimony, to a reasonable medical probability, that Mr. Kelly's exposure to each Defendant's products was a substantial factor contributing to Mr. Kelly's risk of developing mesothelioma.

The *Rutherford* court emphasizes that asbestos products "have widely divergent toxicities"[6] and cautions that "the contribution of the individual cause be more than negligible or theoretical" to be legally significant.[7] Thus, the "each and every exposure" theory fails to satisfy plaintiffs' burden of proving that the exposures attributable to each Defendant were non-negligible and non-trivial.

Dr. Horn blatantly rejects the test for exposure outlined by the California Supreme Court in *Rutherford*. Instead, he opines that the time, location and actual circumstances of exposure "don't matter" and the frequency, proximity and duration of exposure "do not make a difference."[8] Such a theory "would render the 'substantial factor' prong of the causation test meaningless."[9]

---

[6] Different asbestos products contain different asbestos fibers (e.g., chrysotile, amosite, crocidolite). Some scientists estimate the relative potency of these three fibers at 1:100:500, respectively, while others consider the difference even greater.

[7] *Rutherford v. Owens Illinois, Inc.*, 16 Cal.4th 953, 978 (1997).

[8] Baker Decl., Exh. I, Dr. Horn's deposition testimony from *Robertson v. Alfa Laval, Inc.*, Superior Court for the County of Los Angeles, Case No. BC332170, dated May 1, 2006, at p. 87:6-91:5.

[9] *Sclafani*, 2013 WL 2477077, at *4.

4
**CRANE CO.'S MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERTS RELATED TO THE "EACH AND EVERY EXPOSURE" THEORY OF CAUSATION**

## III. CONCLUSION

Plaintiff seeks to introduce scientifically unreliable opinions through Drs. Horn and Smith. Even if there were any scientific support for these opinions, the opinions fail to address any issue for resolution by this jury. Instead, the proposed opinions create an irreconcilable confusion between the scientific theory that every fiber that enters and remains within the lungs contributes to the individual's risk of developing mesothelioma and the legal requirement that only non-negligible and non-trivial exposures can give rise to liability.

K&L GATES LLP

Dated: March 24, 2015   By: /s/ *ZACHARIAH D. BAKER*

Michele C Barnes (SBN 187239)
Zachariah D Baker (SBN 271620)

Attorneys for Defendant
CRANE CO.

5
**CRANE CO.'S MOTION *IN LIMINE* TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERTS RELATED TO THE "EACH AND EVERY EXPOSURE" THEORY OF CAUSATION**