UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARRY KELLY, et al.,

    Plaintiffs,

v.

CBS CORPORATION, et al.,

    Defendants.

Case No. 11-cv-03240-VC

**ORDER RE MOTIONS IN LIMINE**

To assist the parties in focusing their preparation for tomorrow's pretrial conference, the Court rules as follows on the parties' motions in limine. Only if a ruling is labeled "tentative" or "undecided" does the Court wish to hear argument at the pretrial conference.

- Plaintiffs' Motion in Limine No. 1, to exclude evidence and argument that insulation is "military equipment," is denied. This ruling is final.
- Plaintiffs' Motion in Limine No. 2, to exclude evidence offered in support of the third prong of the *Boyle* test, is denied. This ruling is tentative.
- Plaintiff's Motion in Limine No. 3, to exclude reference to Barry Kelly as a sophisticated user, is granted in part and denied in part. The defendants may attempt to establish that Kelly himself was a sophisticated user, assuming they have evidence of that. But they may not seek to impute the Navy's knowledge to Kelly. They are limited to presenting evidence (if they have it) that Kelly himself received information that caused him to know, or should have caused him to know, of the dangers of the asbestos to which he was exposed. For example, the defendants may not argue that Kelly was a sophisticated user based on his "employment relationship with the United States Navy, who certainly knew of the hazard."

(Defendants' Opp. at 5.)  To use another example, in their opposition to Plaintiffs' Motion in Limine No. 4, the defendants state: "Defendants will argue, in part, that Mr. Kelly should have known of the dangers of asbestos because he was an officer in the U.S. Navy."  The defendants may not argue this, because it's not an attempt to argue that Kelly actually received information that caused him or should have caused him to know of the dangers; it's an impermissible attempt to impute the Navy's knowledge to Kelly.  Furthermore, to be able to argue that Kelly himself was a sophisticated user, the defendants will need to make an offer of proof.  The aspect of this ruling that precludes the defendants from basing a sophisticated user defense on the Navy's knowledge is final.  The aspect of this ruling that allows the defendants to pursue a sophisticated user defense based on Kelly's own knowledge is tentative (and subject to an offer of proof).

- Plaintiffs' Motion in Limine No. 4, to prevent the defendants from referring to the Navy as a sophisticated user, is granted in part and denied in part.  It is granted to the extent the defendants wish to present a sophisticated user defense based on the Navy's knowledge of the risks of asbestos.  It is denied to the extent the defendants wish simply to refer to the Navy as a sophisticated user.  In fact, it will probably be helpful to the jury to receive a specific instruction that, regardless of whether the Navy was a sophisticated user, it cannot find Kelly to be a sophisticated user unless it concludes he actually received the information.  The aspect of this ruling that precludes the defendants from presenting a sophisticated user defense based on the Navy's knowledge is final.  The aspect of this ruling that allows the defendants to simply refer to the Navy as a sophisticated user is tentative.

- Plaintiffs' Motion in Limine No. 5, to prevent Crane Co. from introducing at trial any witnesses, documents, or other information identified in its initial disclosures: Undecided.

- Defendants' Motion in Limine No. 1, to exclude untimely disclosed expert witnesses and expert testimony, is denied so long as the plaintiffs make the experts

available for deposition.  (The defendants' experts will be permitted to testify in response to the new disclosures, without being subject to another round of depositions.)  This ruling is final.

- Defendants' Motion in Limine No. 2, to exclude expert testimony that each exposure can be a substantial factor, is denied.  This ruling is final.
- Defendants' Motion in Limine No. 3, to exclude expert testimony that peritoneal mesothelioma is caused by chrysotile asbestos, is denied.  This ruling is tentative.
- Defendants' Motion in Limine No. 4, to limit the scope of Charles Ay's testimony, is granted.  This ruling is tentative.
- Defendants' Motion in Limine No. 5, to exclude the testimony of Nancy Fraser Michalski, is denied.  This ruling is tentative.
- Defendants' Motion in Limine No. 6, to exclude Dr. Compton's testimony, is denied so long as the plaintiffs make Dr. Compton available for deposition before April 30, 2015.  This ruling is tentative.
- Defendants' Motion in Limine No. 7, to exclude Dr. Ganzhorn's testimony, is denied so long as the plaintiffs make him available for deposition before April 30, 2015.  This ruling is tentative.
- Defendants' Motion in Limine No. 8, to exclude Aqua-Chem Documents: Undecided.
- Defendants' Motion in Limine No. 9, to exclude argument that Kelly was exposed to Asbestos from Cochrane products, is denied.  This ruling is final.
- Defendants' Motion in Limine No. 10, to limit the plaintiffs' claim for economic damages to the amount of medical bills actually paid, is granted.  This ruling is tentative.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
VINCE CHHABRIA
United States District Judge