GEORGE D. YARON, ESQ. (California State Bar #96246)
D. DAVID STEELE, ESQ.    (California State Bar #171636)
**YARON & ASSOCIATES**
1300 Clay St, Suite 800
Oakland, California 94612
Telephone:  (415) 658-2929
Facsimile:   (415) 658-2930

Attorneys for Defendant
PUGET SOUND COMMERCE CENTER, INC., erroneously sued
as and formerly known as TODD SHIPYARDS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY KELLY and MOLLY KELLY, <br><br> Plaintiffs, <br><br> vs. <br><br> CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), et al., <br><br> Defendants. | Case No. 3:11-cv-03240-VC <br><br> **PUGET SOUND COMMERCE CENTER, INC.'S PROPOSED SPECIAL JURY INSTRUCTIONS** <br><br> Trial Date:   May 11, 2015 <br> Judge:        The Hon. Vincent Chhabria <br> Dept.         Courtroom 4 - 17th Floor |

   Defendant PUGET SOUND COMMERCE CENTER, INC., erroneously sued as and formerly known as TODD SHIPYARDS CORPORATION, hereby separately submits proposed Special Jury Instruction No. 60(A):

## SPECIAL INSTRUCTION NO. 60(A): NEGLIGENCE/CAUSATION

In order to establish a cause of action for negligence, Plaintiffs must establish that: (1) there was a duty owed by the defendant to the plaintiff; (2) the duty was breached; (3) the plaintiff sustained injury; and (4) there is a causal connection between the defendant's conduct and the plaintiff's injury.

Negligence is only actionable if it is the legal cause of the plaintiff's injuries. Legal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury. "But for" causation requires that, "but for" the defendant's conduct, the plaintiff's harm would not have occurred. In a negligence context, the fault must not only be a but-for cause, but the fault which produces liability must also be a contributory and proximate cause of the injury.

*Vollmar v. O.C. Seacrets, Inc.*, 831 F. Supp. 2d 862, 866 (D. Md. 2011).); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992.) ; *Thomas v. Express Boat Co.*, 759 F.2d 444, 448 (5th Cir. 1985.); *Inter-Cities Navig. Corp. v. United States*, 608 F.2d 1079, 1081 (5th Cir. 1979); *Mitchell v. Gonzales* (1991) 54 Cal.3d 1041, 1052.

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is **Yaron & Associates, 1300 Clay Street, Suite 800, Oakland, CA 94612**

On **April 29, 2015**, I served the within:

**PUGET SOUND COMMERCE CENTER, INC.'S PROPOSED SPECIAL JURY INSTRUCTIONS**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

☒ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **April 29, 2015**, at Oakland, California.

Edward Cortez
ecortez@yaronlaw.com