Gary D. Sharp, Esq.         SBN 116216
Jennifer McCormick, Esq.  SBN 189693
Elizabeth R. Bain, Esq.     SBN 155265
Andrew L. Sharp Esq.       SBN 292541

**Foley & Mansfield P.L.L.P.**
300 Lakeside Drive, Suite 1900
Oakland, California  94612
Telephone No: (510) 590-9500
Facsimile No:  (510) 590-9595
Email:          gsharp@foleymansfield.com
                jmccormick@foleymansfield.com
                ebain@foleymansfield.com
                asharp@foleymansfield.com
Attorneys for Defendant
**CLEAVER-BROOKS, INC.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY KELLY and MOLLY KELLY, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CBS CORPORATION, et al., )<br>)<br>Defendants )<br>) | Case No. 3:11-cv-03240-VC<br><br>**DEFENDANT CLEAVER-BROOKS, INC.'S TRIAL BRIEF REGARDING THE APPLICATION OF MARITIME LAW** |

In the interest of judicial efficiency, defendant Cleaver-Brooks, Inc. joins the reasoning and conclusions contained in the trial briefs of both codefendants Todd Shipyards and Crane Co. on the questions of (1) whether maritime law applies, (2) the differences between maritime and California law with respect to the test for design defect, the causation standard, and proportionate share allocation under *Amclyde*, and (3) the effect of maritime law on the Court's rulings on motions in limine.

Cleaver-Brooks files this brief solely on the limited issue of the non-existence of Mrs. Kelly's loss of consortium claim under maritime law. As both Crane and Todd indicated, loss of consortium claims are not available for personal injury claims brought under general maritime law. *Chan v. Soc'y Expeditions, Inc*., 39 F.3d 1398 (9th Cir. 1994). The United States Supreme Court first considered the availability of loss of society damages in an action for wrongful death under the general maritime law in

*Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990). The *Miles* plaintiff brought Jones Act negligence and general maritime unseaworthiness claims. *Id.* The Court first noted that the Jones Act limits recovery to pecuniary loss and disallows recovery for loss of society. The *Miles* Court determined that it was not the Court's constitutional place to permit more expansive remedies in a judicially created maritime cause of action, unseaworthiness, then are available under the Congressionally created Jones Act. Accordingly, it determined that there is no recovery for loss of society resulting from the wrongful death of a seaman under general maritime law. *Id.*

The Ninth Circuit considered the applicability of *Miles* to a general maritime case for personal injury to a non-seaman in *Chan*, 39 F.3d at 1398. The *Chan* court determined that *Miles* applies even when a plaintiff has not died, and even when the plaintiff is not a seaman. *Id.* at 1407-8. *Chan* recognized that the Supreme Court has sought to develop uniform remedies in maritime cases, including a "uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA [Death on the High Seas Act], the Jones Act, or general maritime law." *Id.* at 1408 (citing *Miles*, 498 U.S. at 32). The policy of creating a uniform policy for remedies under maritime law directed the *Chan* court to dismiss the dependent plaintiffs' loss of consortium claims. *Chan*, 39 F.3d at 1408.

The loss of consortium claims brought by Mrs. Kelly in the current case, which are dependent on her husband's personal injuries, bear no substantive difference to the loss of consortium claims brought by Mrs. Chan for her husband's personal injuries. Therefore, *Chan* is directly controlling on the disposition of plaintiff's loss of society and consortium claims in this case.

Dated:  April 3, 2015     **FOLEY & MANSFIELD, PLLP**

By: /s/Andrew Sharp
Gary D. Sharp, Esq.       SBN 116216
T. Eric Sun, Esq.         SBN 187486
Elizabeth R. Bain, Esq.   SBN 255265
Andrew L. Sharp Esq.      SBN 292541
Attorneys for Defendant
**CLEAVER-BROOKS, INC.**