MICHELE BARNES (SBN 187239)
michele.barnes@klgates.com
ZACHARIAH D. BAKER (SBN 271620)
zac.baker@klgates.com
PETER E. SOSKIN (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:  415 882 8200
Facsimile:   415 882 8220

Attorneys for Defendant
CRANE CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY KELLY and MOLLY KELLY, <br><br>Plaintiffs, <br><br>vs. <br><br>CBS CORPORATION, et al., <br><br>Defendants. | Case No.   11-cv-03240-CRB (JSC) <br><br>**CRANE CO.'S TRIAL BRIEF REGARDING (1) WHETHER *LINDSTROM* APPLIES AS THE CAUSATION STANDARD AND (2) WHETHER MRS. KELLY HAS A CLAIM FOR LOSS OF CONSORTIUM** |

## I. INTRODUCTION

Defendant Crane Co. hereby submits its trial brief in response to Plaintiffs' May 6, 2015 request for further briefing on the following topics:

(i) Is *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488 (6th Cir. 2005) the correct standard for causation in this case?

(ii) Does Mrs. Kelly have a viable claim for loss of consortium under maritime law?

## II. *LINDSTROM* IS THE CORRECT CAUSATION STANDARD IN THIS CASE, AS ALL PARTIES AND JUDGE ROBRENO AGREED WHEN BRIEFING AND RULING ON CRANE CO.'S SUMMARY JUDGMENT MOTION

In the MDL, Crane Co. moved for summary judgment motion on, among other grounds, a lack of causation evidence under *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488 (6th Cir. 2005). Declaration of Peter Soskin ("Soskin Decl."), **Exh. A**, pp. 4-5. Plaintiffs opposed that motion, agreeing that *Lindstrom* provided the applicable causation standard, and seeking to distinguish its facts from those of this case. Soskin Decl., **Exh. B**, pp. 16-18. In fact, Plaintiffs' opposition brief included an entire section under the heading "PRODUCT IDENTIFICATION/CAUSATION UNDER MARITIME LAW PURSUANT TO *LINDSTROM v. A-C PROD. LIAB. TRUST*, 424 F. 3d 488 (6th Cir. 2005)." *Id.* at 15. Judge Robreno, in his order denying Crane Co.'s motion, held that *Lindstrom* was the correct causation standard for this case. Soskin Decl., **Exh. C**, pp. 4-5. This is the law of the case.

"The law of the case doctrine expresses the general rule that courts will not reopen issues that have already been decided. *Russell v. Commissioner*, 678 F.2d 782, 785 (9th Cir. 1982). The doctrine applies equally when a case is transferred from one district to another, as decisions made in a case 'should continue to govern the same issues in subsequent stages of the same case.' *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)." *Dunbar v. Google, Inc.*, 2012 U.S. Dist. LEXIS 177058, 25 (N.D. Cal. Dec. 12, 2012).

As a result, under the law of the case doctrine, *Lindstrom* must still apply.

1

## II. MRS. KELLY DOES NOT HAVE A VALID CLAIM FOR LOSS OF CONSORTIUM

The spouse of an injured seaman has no cause of action for loss of consortium under the general maritime law. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1407-1408 (9th Cir. 1994); *Smith v. Trinidad Corp.*, 992 F.2d 996 (9th Cir. 1993) (citing *Murray v. Anthony J. Bertucci Constr. Co., Inc.*, 958 F.2d 127 (5th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992)); *Miles v. Apex Marine Corp.,* 498 U.S. 19, 31-32 (1990).

There is no dispute that loss of consortium damages are unavailable for injuries which occur at sea. Mr. Kelly's alleged exposures to Crane Co. products are limited to his service aboard the *USS Downes*. Mr. Kelly described the nature of his service aboard the *USS Downes*: the ship spent five out of seven days at sea steaming to the Pacific missile range (the two weekend days were spent off the ship), "pretty much most all maintenance" on the equipment aboard the ship was done while it was at sea, and he "tried not to spend that much time down in the engineering spaces" when the ship was in port. Soskin Dec., **Exh. D**, pp. 38:17-44:1, 46:13-18, 262:12-264:22. In addition to the regular trips to the missile range, the ship took at least one cruise to Hawaii while he was aboard. Thus, it appears that the vast majority, if not all, of Mr. Kelly's exposures occurred at sea and any loss of consortium claim is barred.

Plaintiffs now argue that his exposures occurred in port, which should be considered territorial waters. They further argue that loss of consortium damages are available for injuries which occur on territorial waters. However, the Ninth Circuit has determined that loss of consortium damages are not available to a seaman even in territorial waters. In *Smith v. Trinidad Corp.*, 992 F.2d 996 (9th Cir. 1993), the Ninth Circuit affirmed summary judgment of a loss of consortium claim brought by the wife of an injured mariner. The court cited as authority *Murray v. Anthony J. Bertucci Constr. Co., Inc.*, 958 F.2d 127, which analyzed the application of the Supreme Court's ruling in *Miles*:

> The Murrays argue next that we should not read *Miles* as precluding a seaman injured in state waters from recovering nonpecuniary losses. The Murrays point out the anomaly of allowing the harbor worker injured in inland waters to recover nonpecuniary losses but barring the same recovery by the seaman injured at the same location.
>
> We acknowledge the anomaly. This anomaly results, however, from the Supreme Court's decision in *Miles* to limit *Gaudet* to its facts. *Miles*

> makes it clear that the widow of a seaman cannot recover loss of society whether the death occurs in territorial waters or on the high seas. The same result must follow in injury cases. It would make no sense to conclude that Congress intended one damage scheme for injuries occurring to seamen in state waters and another on the high seas. The Supreme Court's emphasis in *Miles* on the importance of uniformity in remedies in maritime death cases must apply equally to injury actions.
>
> If we recognize Mrs. Murray's loss of society claim, we would create the very sort of anomaly *Miles* sought to avoid. Therefore, we follow the Supreme Court's lead in *Miles* and hold that the spouse of an injured seaman has no cause of action for loss of society under the general maritime law.

Thus, the Ninth Circuit does not allow for recovery for loss of consortium damages for injuries to a seaman. As the main propulsion officer on the USS Downes, Mr. Kelly had "a substantial connection to a vessel or fleet of vessels" and "regular exposure to the perils of the sea" and is therefore a seaman as defined by maritime law. *Harbor Tug & Barge Co. v. Papai Et Ux*, 520 U.S. 548 (1997). As such, the location of Mr. Kelly's exposures is immaterial to the finding that loss of consortium damages are not available for Mrs. Kelly.

K&L GATES LLP

Dated: May 7, 2015     By: /s/ Peter E. Soskin
　　　　　　　　　　　　　Peter E. Soskin
　　　　　　　　　　　　　Attorneys for CRANE CO.

**RECYCLED PAPER**
**CRANE CO.'S TRIAL BRIEF RE: *LINDSTROM* AND LOSS OF CONSORTIUM**