UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY KELLY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CBS CORPORATION, et al.,<br><br>    Defendants. | Case No. 11-cv-03240-VC<br><br>**ORDER RE APPLICATION OF MARITIME LAW** |

On April 20, 2015, the Court ordered the parties to provide supplemental briefing on the question whether maritime law should apply in this case, and if so, whether the application of maritime law should affect the Court's rulings on the motions in limine. Docket No. 114. Having reviewed the parties' submissions, the Court's rulings on the motions in limine remain unchanged.

In addition, the parties have requested that the Court issue two legal rulings in advance of trial, for the purpose of streamlining the trial.

On the issue of causation, the trial will be governed by *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027 (D. Haw. 2013), for exactly the reasons provided by Judge Seabright in that opinion. *See id.* at 1038 ("As to whether a Defendant's product was a substantial factor in causing Plaintiffs' injuries, the court again stresses that context matters. . . . [W]hat exposure constitutes 'minimal' as opposed to 'substantial' exposure depends on the particular circumstances of each case. For example, where Plaintiffs have raised a genuine issue that Cabasug was exposed to the asbestos components of a product in the course of his regular duties, expert testimony that *every* asbestos exposure increases the individual's risk of developing mesothelioma may support the reasonable inference that asbestos from the Defendant's product was a substantial factor in causing Plaintiffs' injuries.").

On the viability of Plaintiff Molly Kelly's claim for loss of consortium damages, these damages may be recoverable in "cases involving longshoremen injured or killed on state territorial waters," and "the beneficiaries of passengers killed or injured on state territorial waters." *Chan v.*

*Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1407 (9th Cir. 1994) (emphasis omitted).  But the parties appear to agree that Barry Kelly was a seaman at the time of his alleged injury.  As a result, there can be no recovery for loss of consortium.  *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990) ("We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman."); *Chan*, 39 F.3d at 1407 ("Loss of society damages are . . . not recoverable . . .  under the general maritime law, for the wrongful death of a seaman.  They are likewise unavailable in connection with the injury of a Jones Act seaman." (citations omitted)).  *See also Smith v. Trinidad Corp.*, 992 F.2d 996, 996 (9th Cir. 1993) ("[W]ives of injured mariners may no longer sue the ship for damages for their nonpecuniary losses, if any, caused by the injuries to the spouse.").[1]

**IT IS SO ORDERED.**

Dated:  May 8, 2015

VINCE CHHABRIA
United States District Judge

---

[1] The plaintiffs argue that the reasoning of *Miles* should be limited to suits by seamen against their employers. *See* Docket No. 140 at 9.  But the Ninth Circuit has rejected this argument.  *See Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 430 (9th Cir. 1994) ("The plaintiffs attempt to distinguish this case from *Miles* by stressing that the defendant in this case is the shipbuilder, not a 'Jones Act defendant.'  Yet there is nothing in *Miles*' reasoning to suggest that the decision turned upon the identity of the defendant.").

2