UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARRY KELLY, et al.,

    Plaintiffs,

  v.

PUGET SOUND COMMERCE CENTER, INC., et al.,

    Defendants.

Case No. 11-cv-03240-VC

**ORDER RE SANCTIONS FOR MISCONDUCT DURING TRIAL**

At trial, one hotly contested issue was whether Mr. Kelly's preexisting chronic kidney condition was exacerbated by the chemotherapy that was necessitated by his mesothelioma. Counsel for Crane Co. expressed concern that one of the plaintiffs' experts, Dr. Ganzhorn, planned to improperly testify about the opinion of one of Mr. Kelly's treating doctors on the relationship between the chemotherapy and the kidney condition. The Court ordered briefing on this question, and ruled largely in favor of the plaintiffs, clearing the way for Dr. Ganzhorn to state, in his testimony, that his opinion was based in part on the records of Mr. Kelly's treating physician. The Court inquired of Mr. Kelly's lawyer, Gilbert Purcell, whether another of the plaintiffs' expert witnesses, Dr. Horn, would be testifying on this issue. The following dialogue took place:

> **The Court:** Is Horn going to testify that the kidney problems were caused or exacerbated by the chemo?
>
> **Mr. Purcell:** No, that's Ganzhorn. In other words, as a subsequent matter he wasn't evaluating in his Rule 26 Report, so that necessitated Dr. Ganzhorn to look into that.

Notwithstanding this exchange, when Dr. Horn took the stand on the next trial day, Mr. Purcell asked him whether the chemotherapy caused Mr. Kelly's kidney condition. When counsel for Crane objected on Rule 26 grounds, Mr. Purcell insisted that this opinion was disclosed in Dr. Horn's reports, and reacted rather indignantly to the suggestion that this was not a proper line of questioning. Though Dr. Horn's reports included passing references to treatment notes suggesting

that Mr. Kelly suffered from acute renal failure as a result of chemotherapy, this was not disclosed by the reports as being part of any of the opinions Dr. Horn would offer.

There are two possible explanations for Mr. Purcell's conduct.  The first is incompetence.  The second is that Mr. Purcell was attempting to sneak this testimony from Dr. Horn into the trial, notwithstanding Mr. Purcell's prior statements, made in open court, unequivocally denying that Dr. Horn would not testify on this topic and conceding that Dr. Horn did not disclose an opinion on this matter in his report.  In his response to the Court's order requiring him to explain his conduct, Mr. Purcell has disclaimed the former explanation.  Accordingly, the Court finds that Mr. Purcell acted in bad faith, and he is sanctioned $250 for this misconduct.  Mr. Purcell's check should be made payable to the Clerk of the Court for the Northern District of California.  Payment must be received by the Clerk no later than June 5, 2015.

**IT IS SO ORDERED.**

Dated: May 26, 2015

_____
VINCE CHHABRIA
United States District Judge